IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | CRIM. NO. 18-00030 JMS-1 |
|---|---|
| Plaintiff, | ORDER DENYING DEFENDANT'S "MOTION FOR COMPASSIONATE RELEASE UNDER 18 USC 3582(c)(1)(a)," ECF NO. 191 |
| v. | |
| DORIAN E. LASSEN, | |
| Defendant. | |

### ORDER DENYING DEFENDANT'S "MOTION FOR COMPASSIONATE RELEASE UNDER 18 USC 3582(c)(1)(a)," ECF NO. 191

### I. INTRODUCTION

Before the court is pro se Defendant Dorian E. Lassen's ("Defendant") "Motion for Compassionate Release Under [18 U.S.C. § 3582(c)(1)(A)]" ("Motion"). ECF No. 191. Defendant requests release to home confinement due to the "extraordinary and compelling" health condition of being "immunocompromised," which Defendant contends places him at risk of dying from COVID-19. Defendant claims he suffers from severe asthma, hypertension, depression, and substance abuse disorder. ECF No. 191 at PageID.1218. The court finds that Defendant has failed to show extraordinary and compelling reasons warranting release. Moreover, the court's analysis of the 18 U.S.C. § 3553(a)

factors favors continued incarceration.  Accordingly, for the reasons stated below, Defendant's Motion is DENIED.

## II. BACKGROUND

Defendant is 41 years old and incarcerated at United States Penitentiary ("USP") Lompoc with a projected release date of May 8, 2031.  *See* Find an inmate, https://www.bop.gov/inmateloc/ (search "Find By Name," entering "Dorian Lassen") (last visited June 7, 2023).  On September 27, 2018, Defendant pled guilty to one count of conspiring to distribute and to possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and to three counts of possessing with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).  ECF No. 79; *see also* ECF No. 117.

On February 25, 2019, the court sentenced Defendant to 192 months' imprisonment, five years supervised release, and a $400 special assessment.  ECF No. 117.  The Ninth Circuit affirmed on July 14, 2020.  ECF No. 153.  On March 28, 2023, Defendant filed the instant Motion.  ECF No. 191.  The government filed an Opposition on April 6, 2023.  ECF No. 193.  Defendant was given the option to file a Reply, but he failed to do so.  ECF No. 192.  The court decides the Motion without a hearing pursuant to Local Rule 7.1(c).

### III.  DISCUSSION

A.  **Legal Standard**

Ordinarily, "a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Wright*, 46 F.4th 938, 944 (9th Cir. 2022) (quoting *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021); 18 U.S.C. § 3582(c)).  Congress created a limited exception for modifying the sentence of a federal inmate who files a motion for "compassionate release" satisfying the substantive and procedural requirements of 18 U.S.C. § 3582(c)(1)(A).  *See id.*  Section 3582(c)(1)(A), as amended by the First Step Act of 2018 ("FSA"), provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).

"As compassionate release derogates from the principle of finality, it is a 'narrow' remedy . . . and the court's disposition of a compassionate release motion 'is discretionary, not mandatory[.]'" *Wright*, 46 F.4th at 944–45 (internal citations omitted). And although the court must consider "extraordinary and compelling" reasons, the applicable policy statements by the Sentencing Commission, and § 3553(a) factors, it may deny compassionate release on any of these bases:

> First, the district court must determine whether "extraordinary and compelling reasons warrant" a sentence reduction. Second, the court must evaluate whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." Third, the court must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to decide whether the requested sentence reduction is warranted "under the particular circumstances of the case." Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds.

*Wright*, 46 F.4th at 945 (internal citations and footnote omitted).

Although § 3582(c)(1)(A) requires a sentence reduction to be "consistent with applicable policy statements issued by the [United States] Sentencing Commission," that requirement does not apply to this case, as there is currently no policy statement from the Sentencing Commission that is "applicable" to compassionate release motions filed by a defendant rather than by the BOP Director. *See Wright*, 46 F.4th at 946. Specifically, the Sentencing Commission's

policy statement, Guideline § 1B1.13, was promulgated before the FSA provided criminal defendants the ability to file motions for compassionate release on their own behalf, *see United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021) (per curiam), and the Sentencing Commission has not yet amended the Guidelines post-FSA.[1]  This court is thus empowered to consider any extraordinary and compelling reason that warrants a sentence reduction.  *See id.* at 801–02.  In making this determination, "[t]he Sentencing Commission's statements in [§ 1B1.13] may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding."  *Id.* at 802.

      The Ninth Circuit in *Keller*, after *Aruda*, further clarified the scope of the district court's discretion, holding that a district court may deny a compassionate release motion based solely on defendant's failure to show an "extraordinary and compelling" reason for release.  *See Keller*, 2 F.4th at 1284 ("[A] district court that properly *denies* compassionate release need not evaluate each step" in the "sequential step-by-step analysis" required by 18 U.S.C. § 3582(c)(1)(A)).  "Such a reading is compelled by the structure of the

---

[1] On April 5, 2023, the Sentencing Commission, having obtained a quorum for the first time since 2018, promulgated preliminary Amendments that address defendant-filed motions under § 3582(c)(1)(A).  *See* United States Sentencing Commission News Release ("News Release") https://www.ussc.gov/about/news/press-releases/april-5-2023 (last visited June 7, 2023); *see also* Amendments to the Sentencing Guidelines (Preliminary), https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20230405_prelim-RF.pdf (last visited June 7, 2023).  The amendments will become effective November 1, 2023, unless Congress rejects them.

compassionate release statute, which treats its requirements as conjunctive." *Wright*, 46 F.4th at 947 (citing *Keller*, 2 F.4th at 1284). "This structure necessarily dictates that a court may deny compassionate release at *any* stage of the § 3582(c)(1)(A) pipeline." *Id*. (emphasis added).

**B.      Extraordinary and Compelling Reasons Do Not Warrant Release**

Defendant bears the burden of establishing extraordinary and compelling reasons warranting compassionate release. *See id.* at 951; *United States v. Bogema*, 2020 WL 6150467, at *3 (D. Haw. Oct. 20, 2020). He has failed to do so, and the court thus denies compassionate release. *Wright*, 46 F.4th at 947.

Part of Defendant's failure is the lack of medical documentation to support the validity of any of his claimed health conditions (except for asthma).[2] And recent BOP medical records obtained by the government show that although Defendant suffers a number of currently diagnosed conditions—dermatophytosis (ringworm), allergic rhinitis (hay fever), asthma, gingival recession, local infection of the skin and subcutaneous tissue, low back pain, and superficial thumb injury—

---

[2] Defendant also has not shown that he exhausted his administrative remedies. The exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) is "a mandatory claim-processing rule that must be enforced when properly invoked." *Keller*, 2 F.4th at 1282. That is, if raised by the government in opposition to a motion for compassionate release, the exhaustion requirement must be enforced, but if the government does not raise the exhaustion requirement, it may be waived. The government asserts that Defendant has not exhausted administrative remedies. ECF No. 193 at PageID.1224 n.1. Nonetheless, the government appears to have waived this requirement because it requests the court to decide the Motion without examining whether Defendant has exhausted administrative remedies. *Id*.

being immunocompromised and having hypertension, depression, and substance abuse disorder are not among them.  *See* ECF No. 193-4.

The Centers for Disease Control ("CDC") advises that age (noting "especially those ages 50 years and older, with risk increasing with older age"), having an immunocompromised, or weakened immune system, and having underlying health conditions raises an individual's risk of getting very sick from COVID-19.  *See* Factors That Affect Your Risk of Getting Very Sick from COVID-19, https://www.cdc.gov/coronavirus/2019-ncov/your-health/risks-getting-very-sick.html (last visited June 7, 2023).  Other than Defendant's asthma, his age—as of this Order, 41 years old—and lack of documented immunocompromised immune system issues or other underlying health conditions suggest that Defendant is at a relatively low risk of getting very sick from COVID-19.  The CDC states that those with chronic lung diseases—such as "moderate to severe" asthma—"can make you more likely to get very sick from COVID-19," *see* People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited June 7, 2023).  The medical records do not reflect whether Defendant's asthma is "moderate to severe," but it appears to be managed with BOP-prescribed medication.  *See* ECF Nos. 193-1, 193-2.

The CDC also advises that factors such as vaccination, timely treatment, and previous infection—all of which Defendant has had—provides added protection against serious illness from COVID-19.  *See* Factors That Affect Your Risk of Getting Very Sick from COVID-19, https://www.cdc.gov/coronavirus/2019-ncov/your-health/risks-getting-very-sick.html (last visited June 7, 2023).  In May 2020, Defendant had COVID-19 and recovered without requiring hospitalization.  *See* ECF No. 193-4.  He subsequently received a full dose of the vaccine (the first dose on March 2, 2021, the second dose on March 30, 2021) and a booster on January 4, 2022.  *See* ECF No. 193-3.  Defendant claims that assessing his risk "after the fact" and that he was not hospitalized when he contracted COVID-19 "does not address how high the risk was and still is."  ECF No. 191 at PageID.1219.  However, given the CDC's guidance suggesting that Defendant has added protection against COVID-19, his age, the BOP's ability to manage his asthma and no other underlying comorbidities[3] that would put Defendant at a heightened risk of death or serious illness were he to contract COVID-19 again, the court finds that Defendant has failed to satisfy his burden to show that an extraordinary and compelling reason justifies compassionate release.

---

[3] Except for allergic rhinitis (hay fever), which is a common comorbidity of asthma, *see* Asthma Comorbidities, https://asthma.net/symptoms/comorbidities (last visited June 7, 2023), Defendant has no other underlying comorbidities.

## C.   Section 3553(a) Factors

The court independently denies Defendant's Motion based on a consideration of the applicable 18 U.S.C. § 3553(a) factors. Those factors include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; and (2) "the need for the sentence imposed . . . (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(1)–(2). And, under the parsimony clause, the court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in § 3553(a)(2). 18 U.S.C. § 3553(a).

In October 2017 and February 2018, federal agents recovered over 6,000 grams (approximately 13 pounds) of methamphetamine that was attributable to Defendant under the Guidelines. ECF No. 110 at PageID.328; ECF No. 143 at PageID.609. Defendant was identified as a "large-scale methamphetamine distributor[] in Hawaii," but after some time, he stated that he wanted to leave the drug business; his co-Defendant, however, did not and "kept pushing" Defendant to continue importing methamphetamine. ECF No. 110 at PageID.328. And

although Defendant fled the scene after a controlled delivery, he later accepted responsibility and expressed remorse for committing the offenses. *Id.* at PageID.327.

Defendant's total offense level 37 and criminal history category II resulted in an advisory Guideline range of 235–293 months. This Guideline level resulted from the amount of drugs involved, a two-level upward adjustment for role in the offense, and a three-level downward adjustment for acceptance of responsibility. Taking into account the 18 U.S.C. § 3553(a) factors, the court imposed a sentence of 192 months' incarceration.

Considering all the § 3553(a) factors, including the amount of methamphetamine involved and Defendant's role in the offense, the court determines that reducing Defendant's sentence to time served under a condition of home confinement would severely undermine the goals of sentencing set forth in § 3553(a)(2). Further, although Defendant seeks immediate release, the court finds that *any* reduction of Defendant's sentence is inappropriate considering the entire record before the court. The court DENIES Defendant's Motion based on the § 3553(a) factors alone.

\\\

\\\

\\\

## IV. **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Compassionate Release, ECF No. 191, is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 7, 2023.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*United States v. Lassen*, Cr. No. 18-00030 JMS-1, Order Denying Defendant's "Motion for Compassionate Release Under 18 USC 3582(c)(1)(a)," ECF No. 191