IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | CRIM. NO. 18-00030 JMS-1 |
|---|---|
| Plaintiff, | ORDER DENYING DEFENDANT'S SECOND MOTION FOR COMPASSIONATE RELEASE, ECF NO. 195 |
| v. | |
| DORIAN E. LASSEN, | |
| Defendant. | |

### ORDER DENYING DEFENDANT'S SECOND MOTION FOR COMPASSIONATE RELEASE, ECF NO. 195

### I. INTRODUCTION

Before the court is pro se Defendant Dorian E. Lassen's ("Defendant") second Motion for Compassionate Release ("Motion"). ECF No. 195. Defendant claims that he is entitled to relief under United States Sentencing Guideline ("Guideline") § 1B1.13(b)(6) based on an unusually long sentence and his efforts at rehabilitation while incarcerated. As set forth below, Defendant has failed to show extraordinary and compelling reasons warranting release. Moreover, the court's analysis of the 18 U.S.C. § 3553(a) factors favors continued incarceration. Accordingly, for the reasons stated below, Defendant's Motion is DENIED.

## II. **BACKGROUND**

Defendant is 42 years old and incarcerated at Federal Correctional Institution ("FCI") Lompoc I with a projected release date of February 2, 2032. *See* Find an inmate, https://www.bop.gov/inmateloc/ (search "Find By Name," entering "Dorian Lassen") (last visited July 9, 2023). On September 27, 2018, Defendant pled guilty to one count of conspiring to distribute and to possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and to three counts of possessing with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). ECF No. 79; *see also* ECF No. 117.

On February 25, 2019, the court sentenced Defendant to 192 months' imprisonment, five years supervised release, and a $400 special assessment.[1] ECF No. 117. The Ninth Circuit affirmed on July 14, 2020. *United States v. Lassen*, 812 F. App'x 541, 542 (9th Cir. 2020) (mem.).

Defendant filed his first motion for compassionate release on March 28, 2023, ECF No. 191, which the court denied on June 7, 2023. ECF No. 194.

---

[1] Defendant's Total Offense Level 37, Criminal History Category II, resulted in an advisory Guideline range of 235 to 293 months. ECF No. 118 at PageID.406; *see* PSR ¶ 104, ECF No. 110 at PageID.344. The court then varied downward to the sentence of 192 months, a total of 43 months below the low end of the advisory Guideline range.

Defendant filed the current Motion on May 14, 2024. ECF No. 195-2.[2] The government filed an Opposition on June 3, 2024, ECF No. 197, and Defendant filed a Reply on June 20, 2024. ECF No. 198. The court decides the Motion without a hearing pursuant to Local Rule 7.1(c).

## III. DISCUSSION

### A. Legal Standard

Ordinarily, "a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Wright*, 46 F.4th 938, 944 (9th Cir. 2022) (internal quotation marks omitted) (quoting *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021), and 18 U.S.C. § 3582(c)). Congress created a limited exception for modifying the sentence of a federal inmate who files a motion for "compassionate release" satisfying the substantive and procedural requirements of 18 U.S.C. § 3582(c)(1)(A). Section 3582(c)(1)(A) provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that—

---

[2] The Motion is deemed filed on the date Defendant gave it to prison officials for mailing to the court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (explaining prison mailbox rule). Here, Defendant provided the Motion to prison officials for mailing on May 14, 2024.

>> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

"As compassionate release derogates from the principle of finality, it is a 'narrow' remedy . . . and the court's disposition of a compassionate release motion 'is discretionary, not mandatory[.]'" *Wright*, 46 F.4th at 944–45 (internal citation omitted) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011), and *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020)).

But § 3582 itself does not define extraordinary and compelling reasons. "Instead, Congress stated that the Sentencing Commission, 'in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.'" *United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021) (quoting 28 U.S.C. § 994(t)).

United States Sentencing Commission Policy Statement § 1B1.13(a) states, as relevant to Defendant, that a court may grant a motion for compassionate release if, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," the court determines that: extraordinary and

4

compelling reasons warrant the reduction; the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and "the reduction is consistent with [§ 1B1.13's] policy statement."

Section 1B1.13 then sets forth several specific extraordinary and compelling reasons which may form—individually or in combination—the basis to reduce a sentence: (1) certain medical circumstances of the defendant; (2) age of the defendant coupled with health issues; (3) certain family circumstances of the defendant; (4) whether the defendant was a victim of sexual or physical abuse while in custody; (5) other circumstances (or a combination of circumstances) "similar in gravity" to (1)–(4);[3] and (6) defendant received an unusually long sentence.

Specifically at issue with Defendant's Motion, § 1B1.13(b)(6) states that extraordinary and compelling reasons can exist based on unusually long sentences:

---

[3] The Sentencing Commission "considered but specifically rejected a requirement that 'other reasons' be similar in nature and consequence to the specified reasons. Rather, they need be similar only in gravity . . . ." Supplement to Guideline App. C, amend. 814, p. 207 (Nov. 1, 2023). Under § 1B1.13(b)(5), the court retains substantial discretion to determine what constitutes extraordinary and compelling reasons. *See Muhammad v. United States*, 2024 WL 3166889, at *2 (E.D. Va. June 25, 2024) (finding that courts maintain discretion to determine any extraordinary and compelling reason under § 1B1.13(b)(5)); *United States v. Gudgel*, 2024 WL 729959, at *2 (D. Idaho Feb. 22, 2024) (stating that under the "other reasons" provision of § 1B1.13(b)(5), "district courts have wide discretion in evaluating whether a defendant's circumstances are extraordinary and compelling enough to justify a sentence reduction."); *United States v. Donato*, 2024 WL 665939, at *3 (E.D.N.Y. Feb. 16, 2024) (same); *United States v. Courtway*, 2023 WL 8772931, at *7 (S.D. Cal. Dec. 19, 2023) (same).

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

And although the court must consider "extraordinary and compelling" reasons and the relevant § 3553(a) factors, it may deny compassionate release on any of these bases:

> First, the district court must determine whether extraordinary and compelling reasons warrant a sentence reduction. Second, the court must evaluate whether a reduction would be consistent with applicable policy statements issued by the Sentencing Commission. Third, the court must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to decide whether the requested sentence reduction is warranted under the particular circumstances of the case. Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds.

*Wright*, 46 F.4th at 945 (internal citations, quotation marks, emphasis, and footnote omitted). Thus, a district court may deny a compassionate release motion based solely on a defendant's failure to show an "extraordinary and compelling" reason for release. "[A] district court that properly denies compassionate release need not

6

evaluate each step" in the "sequential step-by-step analysis" required by 18 U.S.C. § 3582(c)(1)(A).  *Keller*, 2 F.4th at 1284 (emphasis omitted).  "Such a reading is compelled by the structure of the compassionate release statute, which treats its requirements as conjunctive."  *Wright*, 46 F.4th at 947 (citing *id.*).  "This structure necessarily dictates that a court may deny compassionate release at *any* stage of the § 3582(c)(1)(A) pipeline."  *Id.* (emphasis added).

Finally, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason . . . .  However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances" in determining whether and to what extent to reduce a term of incarceration.  Guideline § 1B1.13(d).

**B.     The Exhaustion of Administrative Remedies**

A defendant is required, under 18 U.S.C. § 3582(c)(1)(A), to exhaust all available administrative remedies before seeking relief before a court.  Here, Defendant has done so.  *See* ECF Nos. 198 & 198-1.

**C.     Extraordinary and Compelling Reasons**

Defendant is not entitled to relief under Guideline § 1B1.13(b)(6) for several reasons.[4]  This provision first requires that a "defendant received an

---

[4] Prior to November 1, 2023, because there was no "applicable policy statement" that applied to defendant-filed § 3582(c) motions, courts could consider any extraordinary and
(continued . . . )

7

unusually long sentence and has served at least 10 years of the term of imprisonment . . . ."  Even assuming that a sentence of 192 months qualifies as "an usually long sentence," Defendant has not served at least ten years of that sentence.  As set forth in the Presentence Report ("PSR"), Defendant was initially arrested in this case on February 13, 2018.  ECF No. 110 at PageID.322.  He was then released from custody on February 20, 2018, but remanded into custody after his plea of guilty on September 27, 2018.  *Id*. at PageID.322–323.  As this timeline makes clear, Defendant has not served at least ten years of his sentence.  Further, before the court could provide the relief Defendant seeks, he would have to show a "change in the law" that qualifies for relief under § 1B1.13(b)(6).  Defendant provides no argument or evidence of any change in the law that would apply to him.  In short, § 1B1.13(b)(6) is simply inapplicable to Defendant.

Further, while Defendant has offered evidence of rehabilitation, *see* ECF Nos. 195 at PageID.1255–1257 & 195-1 at PageID.1259–1267, rehabilitation alone is not a basis to grant a compassionate release motion.

---

compelling reasons that a defendant raised.  *Aruda*, 993 F.3d at 802.  Now, however, § 1B1.13 explicitly controls what constitutes an extraordinary and compelling reason for § 3582(c) motions.  *See United States v. Eklund*, 2024 WL 623903, at *1 (D. Alaska Feb. 14, 2024); *United States v. Arcila*, — F. Supp. 3d —, 2024 WL 578688, at *2 (D. Or. Feb. 12, 2024); *United States v. Ashcraft*, 2024 WL 519966, at *1 (E.D. Cal. Feb. 9, 2024); *United States v. Brewer*, 2024 WL 2115926, at *1 (D. Nev. May 10, 2024); *Courtway*, 2023 WL 8772931, at *6; *United States v. Lopez*, 2024 WL 964593, at *2 (S.D.N.Y. Mar. 5, 2024).

### D. Section 3553(a) Factors

The court independently denies Defendant's Motion based on a consideration of the applicable 18 U.S.C. § 3553(a) factors. Those factors include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; and (2) "the need for the sentence imposed . . . (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(1)–(2). And, under the parsimony clause, the court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in § 3553(a)(2). 18 U.S.C. § 3553(a).

In October 2017 and February 2018, federal agents recovered over 6,000 grams (approximately 13 pounds) of methamphetamine that was attributable to Defendant under the Guidelines. ECF No. 110 at PageID.328; ECF No. 143 at PageID.609. Defendant was identified as a "large-scale methamphetamine distributor[] in Hawaii," but after some time, he stated that he wanted to leave the drug business; his co-Defendant, however, did not and "kept pushing" Defendant to continue importing methamphetamine. ECF No. 110 at PageID.328. And

although Defendant fled the scene after a controlled delivery, he later accepted responsibility and expressed remorse for committing the offenses. *Id*. at PageID.327, 329.

Defendant's total offense level 37 and criminal history category II resulted in an advisory Guideline range of 235–293 months. This Guideline level resulted from the amount of drugs involved, a two-level upward adjustment for role in the offense, and a three-level downward adjustment for acceptance of responsibility. Taking into account the 18 U.S.C. § 3553(a) factors, the court imposed a sentence of 192 months' incarceration.

Considering all the § 3553(a) factors, including the amount of methamphetamine involved and Defendant's role in the offense, the court determines that reducing Defendant's sentence to time served or a lesser sentence would severely undermine the goals of sentencing set forth in § 3553(a)(2). The court, therefore, DENIES Defendant's Motion based on the § 3553(a) factors alone.

\\\

\\\

\\\

\\\

\\\

## IV. **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Compassionate Release, ECF No. 195, is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 9, 2024.



 /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*United States v. Lassen*, Cr. No. 18-00030 JMS-1, Order Denying Defendant's Second Motion for Compassionate Release, ECF No. 195